# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| WALGREN COMPANY, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     **CAUSE NO. 1:10-CV-186** |
| | ) |
| SCHLAGE LOCK COMPANY, | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

On June 14, 2010, this case was transferred to this Court from the United States District Court for the Western District of Michigan. (Docket # 23.) Plaintiff originally filed suit based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1, 2.) The Amended Complaint alleges that, upon information and belief, Defendant Schlage Lock Company is an Indiana Corporation with its principal place of business in Carmel, Indiana. (Am. Compl. ¶¶ 3, 4.) The Plaintiff's jurisdictional allegations, however, are inadequate. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.").

An on-line search of the Indiana Secretary of State's corporate registry suggests that the Schlage Lock Company is not an Indiana Corporation.[1] *See Colon v. SmithKline Beecham Corp.*, No. 09-1073, 2010 WL 46523, at *3 (S.D. Ill. Jan.5, 2010) (stating that the Court may take judicial notice of online records of corporations); *Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 930 n. 2 (S.D. Ill. 2006) (collecting cases). Rather, the records reveal that between 2003

---

[1] *See* Indiana Secretary of State Business Services Online, https://secure.in.gov/sos/bus_service/online_corps/name_search.aspx (last visited June 15, 2010).

and 2004, Schlage apparently changed its corporate organization from a California corporation to a limited liability company organized under the laws of Delaware. Accordingly, the Plaintiff must first amend its complaint to identify the corporate form of the Defendant.

If the Defendant is in fact a corporation, the Plaintiff must nevertheless supplement its complaint. "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Moreover, for purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Paige Med. Supply Co.*, 142 F.R.D. at 152; *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

If, on the other hand, the Defendant is a limited liability company, the Plaintiff must also amend its complaint to properly establish diversity jurisdiction. A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). If the Defendant is a limited liability company, the Court must be advised—again, on personal knowledge—of the citizenship of *each* member to ensure that none of them share a common citizenship with the Plaintiff. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members who are themselves a partnership or a limited

liability company, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, the Plaintiff is ORDERED to file a second Amended Complaint forthwith, properly alleging the corporate form of the Defendant. If the Defendant is a corporation, the Plaintiff must make its jurisdictional allegations on personal knowledge. If, however, the Defendant is a limited liability company, the Plaintiff must amend its complaint to identify the citizenship of each member, tracing citizenship through multiple levels as necessary.

SO ORDERED.

Enter for June 15, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge