UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WALGREN COMPANY. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-186 |
| ) | |
| SCHLAGE LOCK COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 50.) As the proposed order is deficient, it will be DENIED.

"[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid). The Seventh Circuit Court of Appeals has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id.* "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial

proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). Accordingly, a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946.

Here, the proposed order provides for the filing under seal of any document in which "Confidential Material" is "embodied" (Proposed Stipulated Protective Order ¶ 10), instead of solely protecting the actual "Confidential Material" through redaction.[1] If a document filed under seal embodies Confidential Material but also contains material that does not satisfy the definition of "Confidential Material", the parties should provide for the contemporaneous public filing of a redacted version of the document. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

The Seventh Circuit Court of Appeals has repeatedly held that overly broad protective orders are invalid. *See, e.g., id.* "Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28,

---

[1] While the parties incorporate a method of redaction with respect to the designation of materials (Proposed Stipulated Protective Order ¶ 7(b)), the provision for filing under seal any document in which Confidential Material is "embodied" seems to nullify the effectiveness of the prior redaction provision.

2003).

Of course, the parties may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate. For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 50).

SO ORDERED.

Enter for this 2nd day of June, 2011.

                                              S/ Roger B. Cosbey
                                              Roger B. Cosbey,
                                              United States Magistrate Judge